*Filed in open court*
*FMT 6/27/06*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Crim. Action No. 06-62-SLR |
| ADAM J. LEVINSON, ) | |
| ) | |
| Defendant. ) | |

### MEMORANDUM OF PLEA AGREEMENT

Pursuant to discussions between the United States of America, by and through its attorneys, Colm F. Connolly, United States Attorney for the District of Delaware, and Shannon T. Hanson, Assistant United States Attorney for the District of Delaware, and the defendant, Adam Levinson, by and through his attorney, Edmund D. Lyons, Jr., Esquire, the following agreement is hereby entered into by the respective parties:

1. The defendant shall plead guilty in the United States District Court for the District of Delaware to Counts 1 and 4 of the Indictment. Count One charges the defendant with wire fraud, in violation of Title 18, United States Code, Section 1343, which carries a maximum sentence of five years imprisonment, three years supervised release, a fine of $250,000 or the greater of twice the gross gain or twice the gross loss, pursuant to 18 U.S.C. Section 3571(d), whichever is larger, restitution, and a special assessment of $100.00. Count Four charges the defendant with filing a false tax return, in violation of Title 26, United States Code, Section 7206(1), which carries a maximum

sentence of three years imprisonment, one year supervised release, a $250,000 fine, the costs of prosecution, and a special assessment of $100.00.

  2. The defendant agrees to pay the $200 special assessment on or before the day of sentencing.

  3. The defendant understands that the following are the elements of the offenses to which he is pleading guilty and which the government would have to prove were this matter to go to trial:

  As to Count 1 of the Indictment, the elements of a section 1343 violation are as follows:

> (1) First, that the defendant knowingly participated in and devised and intended to devise a scheme to defraud Elkay Manufacturing Company ("Elkay") and to obtain money or property by false or fraudulent pretenses, representations or promises;
>
> (2) Second, that the scheme included a material misrepresentation or concealment of a material fact;
>
> (3) Third, that the defendant had the intent to defraud; and
>
> (4) Fourth, that the defendant used or caused another to use wire communications in interstate commerce in furtherance of the scheme.

  As to Count 4 of the Indictment, the elements of a section 7206(1) violation are as follows:

> (1) The defendant made and subscribed his 2002 1040 federal income tax return which was false as to a material matter, in that it stated that the defendant's taxable income was $85,156, whereas his taxable income was substantially in excess of $85,156;
>
> (2) The defendant's 2002 1040 federal income tax return contained a written declaration that it was made under the penalties of perjury;
>
> (3) The defendant did not believe that his 2002 1040 federal income tax return was true and correct as to every material matter; and

 (4) The defendant's false subscription was willful.

 4. On or before the sentencing date, the government will dismiss Counts 2 and 3 of the Indictment in this case.

 5. Provided that the government does not learn subsequently of conduct by the defendant inconsistent with acceptance of responsibility, the government agrees to move for a three (3) level reduction in the offense level for the defendant's affirmative acceptance of responsibility under U.S.S.G. Section 3E1.1. The government will make this recommendation because the defendant timely has notified authorities of his intention to enter a plea of guilty, thereby allowing the government to avoid preparing for trial and permitting the Court to allocate its resources efficiently.

 6. The parties stipulate and agree that the government's evidence is sufficient to prove that the defendant's direct and personal gain (in the form of disbursements of cash, goods, and services paid for by CoolerSmart, excluding salary and benefit payments for services rendered) from the above wire fraud scheme was greater than $120,000 and less than $200,000 and resulted in a "tax loss" to the United States that reasonably can be estimated at greater than $40,000 and less than $80,000.

 7. The defendant agrees to pay an amount equal to the defendant's direct and personal gain (in the form of disbursements of cash, goods, and services paid for by CoolerSmart, excluding salary and benefit payments for services rendered) from the wire fraud scheme in restitution to the victim, Elkay, as part of his sentence. The defendant recognizes that payment of restitution shall not be affected by and shall be over and above (a) the amount of any civil

settlement made between the defendant and Elkay, (b) the defendant's relinquishment of any ownership rights in CoolerSmart, and/or (c) any other payments by the defendant to Elkay.

    8. The United States will not file any other tax charges against the defendant relating to: (a) any personal tax returns for the tax years 2002 and before or (b) the tax returns of CoolerSmart LLC.

    9. The defendant agrees that he will file with the IRS, with a copy to the United States Attorney's Office for the District of Delaware, accurate amended tax returns for the years 2000, 2001 and 2002 within sixty (60) days of the entry of the guilty plea. The defendant further agrees to provide the United States Attorney's Office and United States Probation Office with copies of those returns, and to cooperate with any civil tax audit, and to pay back taxes and any interest and penalties that are properly assessed. The parties stipulate and agree that the costs of prosecution associated with the section 7206(1) tax charge are zero.

    10. The defendant understands that at sentencing the Court must consider the United States Sentencing Guidelines and take them into account in exercising its discretion to determine the appropriate sentence and must also consider the other factors bearing on an appropriate sentence pursuant to 18 U.S.C. § 3553(a).

    11. The defendant recognizes that the Court is not bound by any stipulations or recommendations of the parties. The defendant agrees that he will not be allowed to withdraw his guilty plea in the event the Court calculates the guidelines differently than he expects, or contrary to any stipulation of the parties or recommendation of his attorney.

    12. The parties reserve the right to defend any ruling of the Court should there be an appeal from this case.

13. It is further agreed by the undersigned parties that this Memorandum supersedes all prior promises, representations, and statements of the parties; that this Memorandum may be modified only in a written document signed by all the parties; and, that any and all promises, representations, and statements made prior to or after this Memorandum are null and void and have no effect whatsoever.

_____
Edmund D. Lyons, Esquire
Attorney for Defendant

_____
Adam J. Levinson
Defendant

Dated: June 27, 2006

COLM F. CONNOLLY
United States Attorney

By: _____
Shannon Thee Hanson
Assistant United States Attorney

AND NOW, this 27th day of June, 2006, the foregoing Memorandum of Plea Agreement is hereby (accepted) (rejected) by this Court.

_____
HONORABLE SUE L. ROBINSON
United States District Judge
District of Delaware